FRED R. BUDLONG *vs.* IRA B. HASBROUCK.

MAY 21, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for slander. Each party is a resident of the town of Cov-

entry, Kent county, in this State. The writ which was returnable to the Superior Court for the counties of Providence and Bristol was served on the defendant while he was visiting his wife at a hospital in the city and county of Providence. The defendant filed a plea to the jurisdiction stating that the alleged cause of action—if any such accrued to the plaintiff—accrued out of the jurisdiction of said Superior Court, that is to say, at Coventry in the county of Kent and not in the county of Providence, and that the plaintiff and the said defendant both reside and dwell in said Coventry in the county of Kent. To this plea the plaintiff demurred and the demurrer was heard by a justice of said court. The question presented by the demurrer raised a question of law which in the opinion of said court is of such doubt and importance, and so affects the merits of the controversy, that it ought to be determined by the Supreme Court before further proceedings, consequently said justice in accordance with the provisions of Section 5, Chap. 348, G. L. 1923, certified the question to this court for determination. The question is as follows: "If both parties in an action of trespass on the case for slander reside and dwell in Coventry in the county of Kent, and all the causes of action are alleged to have occurred in said county, can such action be brought in the Superior Court for the County of Providence if a writ of summons issuing from said Superior Court for the County of Providence is served on the defendant personally in the City of Providence in said County of Providence?" To answer the question it is only necessary to ascertain the intention of the legislature as expressed in G. L. 1923, Chap. 333, § 2, which provides that: "All other actions and suits, if brought in the superior court, shall be brought in the court for the county, or if brought in the district court shall be brought in the district, in which some one of the plaintiffs or defendants shall dwell, or in the superior court for the county or in the district court for the district in which the defendant or some one of the defendants shall be found."

Section 1 of said Chapter 333, provides that actions involving title to realty or title to easements or interests in realty or involving a trespass to realty shall be tried in the district or county where the land lies. It was evidently the intention of the legislature in adopting said Sections 1 and 2 to distinguish certain local actions, which at common law were required to be brought in the county where the land was located, from certain other actions known as transitory actions which were not required to be brought in a particular county. While the common law classification may not have been strictly adhered to it is clear that the legislature had in mind the distinction between local and transitory actions. The language "shall be found" must mean shall be found and served with process by the sheriff. It would seem that the meaning of the language "all other actions and suits, if brought in the superior court, shall be brought . . . or in the superior court for the county . . . in which the defendant or some one of the defendants shall be found" is too clear to require construction. We have no doubt that it was the intention of the legislature that an action for slander could be brought in any county where the defendant could be found and served with process, regardless of the fact that neither the plaintiff nor the defendant dwells in that county. The provision relative to district courts need cause no confusion as the provisions of said Section 2 permitting the bringing of certain actions in any county in which the defendant may be found were in force long before the district court system was established. See G. S. 1872, Chap. 193, Sec. 2; P. S. 1882, Chap. 204, Sec. 2.

The question certified for determination is answered in the affirmative.

The papers in the case with our decision certified thereon are sent back to the Superior Court for the counties of Providence and Bristol for further proceedings.

*Claude R. Branch, Edwards & Angell,* for plaintiff.

*James O. McManus, Joseph W. Grimes, William H. Mulligan,* for defendant.